# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES LUCKE<br>The Hideout; Box 789<br>Lake Ariel, PA 18436<br>　　　　Plaintiff,<br>&<br><br>KOST TIRE AND AUTO<br>925 South State Street<br>Clarks Summit, PA 18411<br>　　　　Defendant | CIVIL ACTION<br><br>No: 3:19cv917<br>S. CARLSON<br><br><br>JURY DEMAND |

## INTRODUCTION

Plaintiff Charles Lucke hereby brings this Complaint for manifold violations of the Americans with Disabilities Act ("ADA"), and its 2008 amendments, 42 U.S.C. § 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania's public policy exception to at-will employment as recognized by *Owens v. Lehigh Valley Hospital*, 103 A.3d 859 (Pa. Cmwlth. 2014); *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998), have been violated and avers as follows:

## STATEMENT OF JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as Plaintiff's claims are primarily based on discrimination arising under the Americans with Disabilities Act, and its 2008 amendments, 42 U.S.C. § 12101 *et seq.* ("ADA"). Additionally, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction to hear all of Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq*, and for wrongful termination in retaliation for seeking workers compensation rights, as established in *Shick v. Shirley*, 716 A.2d 1231 (Pa. 1998).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Defendant resides in this district and virtually all of the acts described in this Complaint occurred in this district.

3. On December 28, 2018 Plaintiff cross filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2019-01578, and the Pennsylvania Human Relations Commission, ("PHRC") alleging violation of the ADA by the Defendant and its agents, servants, and employees.

FILED
SCRANTON
MAY 29 2019
PER [signature]
DEPUTY CLERK

4. Plaintiff obtained a Notice of Right to File a Civil Action in the above-referenced matter from the EEOC dated February 28, 2019, which is attached hereto as Exhibit "A". Plaintiff filed his Complaint within ninety (90) days of his receipt of the said notice.

## PARTIES

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. Plaintiff Charles Lucke (hereinafter "Lucke" or "Plaintiff") is a resident of the Commonwealth of Pennsylvania, residing therein at The Hideout, Box 789, Lake Ariel, PA 18436.

7. Defendant Kost Tire and Auto (hereinafter "Kost Tire" or "Defendant") is a business entity maintaining an office and conducting business at 925 South State Street, Clarks Summit, PA 18411.

8. At all times relevant hereto, Defendant was defined as an employer by each of the said acts and is therefore subject to all of the provisions provided therein. Furthermore, at all times relevant hereto, Plaintiff was defined as an employee by each of the said acts and is therefore subject to all of the protections provided therein.

## UNDERLYING FACTS

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. Defendant hired Plaintiff on or about April 23, 2018 to work as a tire technician at Defendant's location at Route 6, Sugarman's Plaza, Enyon, PA 18403. Plaintiff worked in this capacity until his unlawful termination on or about July 3, 2018.

11. During the course of his tenure with Defendant, Plaintiff performed his job duties in an exemplary manner.

12. In late-April 2018, Plaintiff was dismounting tires when he felt a sharp pain in his back. The following day, he notified his supervisor – acting manager Vince Renaldi – that he was unable to work that day because of the resulting back pain. Vince excused Complainant's attendance for that day but explained to Plaintiff that his absence was an inconvenience to his coworkers. Plaintiff returned to work on his next scheduled day.

13. Plaintiff continued to work for Defendant without incident. At some point, Mr. Renaldi was replaced in his managerial duties by "Pat" – whose last name is unknown.

14. In mid-June, Plaintiff again felt a sharp pinch in his back while he was dismounting tires. Plaintiff again called out of work as the pain left him bed-ridden. While this condition substantially limited Plaintiff's daily life activities, Plaintiff was capable of performing his work responsibilities with or without a reasonable accommodation.

15. When Plaintiff returned to work, he spoke with Pat and expressed concern that Defendant would not timely start his health benefits so that he could see a doctor regarding the deteriorating condition of his back. Plaintiff told Pat that he had been waiting for his health insurance benefits to start so that he would not be obligated to file a workers' compensation claim. Pat told Plaintiff to delay filing for workers' compensation benefits until he could discuss Plaintiff's concerns with Vince.

16. On or about July 3, 2018 Plaintiff arrived at work. That day Pat told Plaintiff that on the morning of June 28, 2018 a customer arrived and requested an oil change and a wheel alignment. Pat accused Plaintiff of failing to do this work and informed Plaintiff that he was being terminated immediately.

17. Defendant's explanation for Plaintiff termination was pretext for discrimination. Plaintiff was not working when the customer arrived as he had a dental appointment and did not arrive at work until that afternoon. Accordingly, under Defendant's operating practices, Plaintiff would not have been responsible for that customer's automobile as he was not present for the intake. Additionally, Defendant ordinarily maintains a progressive discipline policy where employees are given warnings before termination. However, Plaintiff never received a warning about his workplace performance.

18. Accordingly, Plaintiff avers that Defendant actually terminated his employment because of his actual and/or perceived disabilities, and/or record of impairment.

19. Alternatively, Plaintiff avers that Defendant terminated his employment in retaliation for Plaintiff pursuing workers compensation benefits.

## COUNT I – DISCRIMINATION/RETALIATION
## VIOLATION of the AMERICANS WITH DISABILITIES ACTS

20. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

21. Based on the foregoing, Plaintiff alleges that Defendants violated the ADA by terminating his employment on the basis of his actual and/or perceived disabilities and/or records of impairment.

22. Defendant's conduct caused Plaintiff to experience severe emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary loss.

23. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the ADA.

## COUNT II – DISCRIMINATION/RETALIATION
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT

24. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

25. Based on the foregoing, Plaintiff alleges that Defendants violated the Pennsylvania Human Relations Act ("PHRA") by terminating his employment on the basis of his actual and/or perceived disabilities and/or records of impairment.

26. Defendant's conduct caused Plaintiff to experience severe emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary loss.

27. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the PHRA.

28.

## COUNT III – COMMON LAW WRONGFUL TERMINATION

29. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

30. The Pennsylvania Supreme Court recognizes a cause of action for an at-will employee who is terminated by their employer in retaliation for pursuing a workers compensation claim. *See Owens v. Lehigh Valley Hospital*, 103 A.3d 859 (Pa. Cmwlth. 2014); *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

31. Plaintiff was injured while performing work on behalf of Defendant.

32. Plaintiff notified Defendant of his injury and his intent to obtain workers compensation benefits.

33. Defendant terminated Plaintiff in retaliation.

34. Defendant's conduct caused Plaintiff to experience severe emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary loss.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Honorable Court enter a judgment in their favor against Defendants and order that:

    a. Defendants reimburse Plaintiffs for damages incurred by Defendants' actions;

    b. Defendants pay to Plaintiffs compensatory damages to the extent permitted by law;

    c. Defendants pay to Plaintiffs punitive and liquidated damages to the extent permitted by law;

d. Defendants pay Plaintiffs' costs of suit, attorneys' and expert fees if incurred in this matter, and interest as permitted by law;

e. Defendants pay to Plaintiffs all damages permitted by law; and

f. Defendants provide any additional relief which this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

Respectfully submitted,

*Charles Lucke*
Charles Lucke, Pro Se
(570) 468-6314
Box 789 The Hideout
Lake Ariel PA 18436

Date: